UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ideal Vitamins Inc., <br><br> Plaintiff, <br><br> v. <br><br> Redcon1, LLC, <br><br> Defendant. | Civil Action No. 23-cv-1263 <br><br> **COMPLAINT AND JURY TRIAL DEMAND** <br><br> *Electronically Filed* |

Plaintiff Ideal Vitamins Inc. ("Plaintiff"), by and through its counsel, for its Complaint against Redcon1, LLC ("Defendant"), alleges as follows:

## PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of New York, with a place of business at 2270 59th Street, Brooklyn, NY 11204.

2. On information and belief, Defendant is a Florida limited liability company with a principal place of business at 701 Park of Commerce Blvd., Suite 101, Boca Raton FL 33487.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

4. Additionally, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are, respectively, citizens of foreign states and this state, and the amount in controversy exceeds $75,000.

5. Defendant is subject to specific jurisdiction in this Court because, *inter alia*, it conducts business in the District and has committed at least some of the acts complained of herein within this District.

6. On information and belief, Defendant does business in the State of New York, sells large quantities of products, including dietary supplements, to customers in New York, engages distributors based in New York, maintains an interactive website accessed by residents of New York, and otherwise avails itself of the privilege of doing business in the State of New York.

7. Defendant has purposely directed its activities, including the illegal acts against Plaintiff described below, toward this District and this action arises from those activities.

8. At all relevant times, Defendant was aware the Plaintiff resides in New York and that its illegal acts would cause harm to Plaintiff in New York. Specifically, Plaintiff's Amazon storefront identifies Plaintiff's place of business in New York.

9. On information and belief, Defendant's illegal acts against Plaintiff described below were made to further Defendant's transaction of business in New York by improperly excluding a New York competitor, Plaintiff, from conducting business in New York.

10. Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District and the Defendant is subject to personal jurisdiction in this District.

## BACKGROUND FACTS

11. On information and belief, Defendant is in the business of distributing consumer products, including dietary supplements sold under the REDCON1 mark ("REDCON1 Products").

12. Defendant is the registered owner of United States Trademark Registration No. 6192315 for REDCON1 ("the REDCON1 Registration").

13. Plaintiff is in the business of lawfully acquiring and re-selling various consumer products for a profit.

14. Plaintiff resells products through an Amazon storefront.

15. Since its formation, Plaintiff has served thousands of customers through its Amazon storefront.

16. Defendant's illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

## ONLINE MARKETPLACES

17. Upon information and belief, Amazon is the world's largest online retailer.

18. According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

19. Amazon's online e-commerce platform allows for third parties, like Plaintiff, to sell products on its e-commerce platform.

20. The privilege of selling on Amazon is highly advantageous, as Amazon provides third parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

21. At all relevant times, Plaintiff has had a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

22. Third-party sellers, like Plaintiff, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product. Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

23. A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

24. Once Plaintiff acquires products from reputable sources, Plaintiff resells the same products on Amazon at a profit.

25. In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

26. Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

27. Plaintiff's Amazon storefront has amassed over nineteen-thousand reviews and a holds a near perfect customer rating.

28. A small sample of Plaintiff's recent reviews are shown below:



29. Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

## DEFENDANT ATTEMPTS TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS

30.     On information and belief, Defendant seeks to increase its profits by controlling the distribution and pricing of its products, including the REDCON1 Products, through unlawful means.

31.     As demonstrated below, Defendant has engaged in a coordinated effort to preclude select third parties from reselling genuine REDCON1 Products on online marketplaces by false allegations of intellectual property infringement and defamation.

32.     On information and belief, the purpose of these false complaints and defamatory statements was to prevent Plaintiff from selling genuine REDCON1 Products on Amazon.

33.     On information and belief, the purpose of these false complaints was to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Plaintiff.

34.     Because Plaintiff sells only genuine products through its Amazon storefront, Defendant has no legitimate intellectual property claim(s) against Plaintiff.

35.     Under the first sale doctrine, Plaintiff is lawfully permitted to re-sell REDCON1 Products without violating the intellectual property rights or other legal rights of Defendant.

36.     The first sale doctrine provides that, once a manufacturer places a product in the stream of commerce through its first sale, it can no longer enforce its intellectual property rights with regard to re-sellers, so long as the re-sellers are selling authentic, unaltered products.

37.     It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

38.     As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified

6

> marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. …
>
> ***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.
>
> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

39. On information and belief, Defendant was, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

40. On information and belief, Defendant was, at all relevant times, aware that Amazon will act on reports of trademark infringement, regardless of the truth of the report.

41. Defendant filed complaints with Amazon that alleged that Plaintiff was selling REDCON1 Products that infringed the REDCON1 Registration.

42. Defendant knew, or should have known, that such allegations were false.

43. Each complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Defendant.

44. For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."
>
> "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

7

Report Infringement, https://www.amazon.com/report/infringement (last visited November 10, 2022).

45. Once confirmed through discovery, all other individual(s) responsible for the false intellectual property complaints described below, will be added as defendants in this action.

46. On or about August 31, 2022, Plaintiff received a notice from Amazon stating as follows:

> Hello,
>
> We removed some of your listings because we received a report from a rights owner that they may violate the rights owner's intellectual property. The rights owner communication about the alleged violation and the listings we removed are at the bottom of this message.
>
> Why did this happen?
> We received a report from a rights owner alleging that one or more of your listings may be violating the intellectual property rights of others. Listing content violating the intellectual property of others is against our policies.
>
> We're here to help.
> If you need help understanding how you may have violated the above intellectual property, please see the Amazon Intellectual Property policy (https://sellercentral.amazon.com/gp/help/external/201361070), or search for "Intellectual Property Policy" in Seller Central Help.
>
> How do I reactivate my listing?
> Please provide one of the following to reactivate your listing:
> -- An invoice, a valid order ID, or letter of authorization from the manufacturer or rights owner demonstrating that your use of the intellectual property is lawful. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.
>
> How do I submit this information?
> Go to Received Intellectual Property Complaints under the Product Policy Compliance section in account health (https://sellercentral.amazon.com/performance/dashboard?ref=ah_em_mpa) and locate the deactivation record for this product listing. Click on the Appeal button next to the listing deactivation record to submit information necessary to reactivate your listing.
>
> Have your listings been removed in error?

If you think that the rights owner has made an error in sending the notice, please reach out to the rights owner and ask them to submit a retraction of this notice. We may only accept retractions that the rights owner submits to us directly. We do not accept forwarded or attached retractions.

These are the rights owner's contact details:
--   Redcon1 Enforcement
--   Enforcement@redcon1.com

For any other reason, please explain to us why you were warned in error so that we can investigate the case.

If you do not provide the information within 60 days, you will receive a request to remove the inventory associated with these listing per our removal policy (https://sellercentral.amazon.com/gp/help/202000820). Failure to address this request can lead to destruction of your inventory.

Rights owner communication: The seller is using our trademark in a confusing manner on their items.
ASIN: B08PW3H3WY
B07GSG8NY7
B08DYFPFQ6
B07BQ67B8P
B07BQJ3T5D
B01L84TYFI
B07CQGDH3J
B076X425FV
B07CQCLH2M
B01L83GJ16
B07HNN2WSP
B0775Z8TXK
B082T24Q27
B082MS974Y
B07DKMW9YP
Violation type: Intellectual property (Product Packaging)
Intellectual property number: 6192315
Complaint ID: 10664434071

You can view your account performance (https://sellercentral.amazon.com/performance/dashboard?reftag=email_warn) or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health page shows how well your account is performing against the performance metrics and policies required to sell on Amazon.

-- Download the iOS app: https://itunes.apple.com/us/app/amazon-seller/id794141485

9

-- Download the Android app:
https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl=en_US

47. The above report relates to REDCON1 Products, which are referenced by their Amazon Standard Identification Numbers ("ASIN").

48. The REDCON1 Products identified as infringing in the above report were genuine.

49. The REDCON1 Products identified as infringing in the above report were manufactured and distributed by REDCON1.

50. On information and belief, prior to filing the above report, Defendant knew, or should have known, that the REDCON1 Products sold by Plaintiff were not infringing.

51. On information and belief, Defendant's allegation that the above REDCON1 Products were infringing was knowingly false and made in bad faith.

## DEFENDANT REFUSES TO RETRACT ITS FALSE REPORT TO AMAZON

52. The above false report is part of an ongoing and continuous course of conduct by Defendant to interfere in Plaintiff's ability to resell REDCON1 Products.

53. On or about February 7, 2023, counsel for Plaintiff contacted Defendant regarding the report and requested a retraction of the report.

54. To date, Defendant has offered no reasonable explanation for its false report but, nevertheless, refused to retract the report.

## HARM TO PLAINTIFF

55. As a result of the above false rights complaints, Plaintiff's listings relating to REDCON1 Products were suspended, resulting in an immediate loss of revenue.

56. It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

57. On information and belief, Defendant was aware that complaints to Amazon, particularly those alleging trademark infringe, result in selling suspensions.

58. On information and belief, Defendant has used these same tactics, namely filing false infringement complaints, against other Amazon sellers.

59. At no time has Plaintiff ever sold REDCON1 Products that infringed any of Defendant's intellectual property or other legal rights.

60. The REDCON1 Products sold by Plaintiff were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

61. Defendant knowingly made false intellectual property rights complaints against Plaintiff.

62. Upon information and belief, the true purpose of these complaints was to ensure the suspension of Plaintiff's marketplace listings, control pricing and eliminate fair competition.

63. As result of Defendant's false complaints, Plaintiff's performance metrics were irreparably damaged.

64. It is well-known that as much as 90% of all Amazon sales occur from Amazon's "buy box," a section of an Amazon product detail page where customers can add a product to their cart.

65. Amazon determines which seller gets the "buy box" based on a number of factors, including the seller's performance metrics.

66. Defendant's false complaints have damaged Plaintiff's metrics and caused Plaintiff to lose the "buy box" on many of its product listings.

## COUNT I - DECLARATORY JUDGMENT
**(No Trademark Infringement)**

67. Plaintiff realleges and incorporates all previous paragraphs.

68. Defendant manufactures and distributes REDCON1 Products and place such products into the stream of commerce.

69. Plaintiff stocks, displays, and resells new, genuine REDCON1 Products, each bearing a true mark.

70. Defendant has submitted one or more complaints to Amazon that state that Plaintiff sold REDCON1 Products that infringed, *inter alia*, the REDCON1 Registration.

71. The REDCON1 Products sold by Plaintiff were not infringing.

72. On information and belief, at the time that Defendant submitted its complaints to Amazon, Defendant had never purchased or examined any REDCON1 Product offered for sale by Plaintiff.

73. Defendant's complaints have caused the suspension of Plaintiff's selling privileges as they relate to REDCON1 Products.

74. As a result of the suspension of Plaintiff's selling privileges, Plaintiff was unable to sell inventory of REDCON1 Products on the Amazon platform.

75. Defendant's complaints put Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

76. Under these facts, an actual controversy exists between Plaintiff and Defendant.

77. Plaintiff is entitled to a declaratory judgment that it has not violated Defendant's trademark rights or other rights, whether under Federal or State law.

### COUNT II – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

78. Plaintiff realleges and incorporates all previous paragraphs.

79. Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

80. Plaintiff is also in a contractual relationship with Amazon. Specifically, Plaintiff has entered into the Amazon Services Business Solutions Agreement ("BSA") with Amazon.

81. The BSA, including Paragraph S-1.2: (1) allows Plaintiff to list products for sale on the Amazon marketplace and promote the products; and (2) requires that Amazon process orders and remit payment to Plaintiff for sales.

82. At all relevant times, Defendant was aware of Plaintiff's business relationship with Amazon, as well as Plaintiff's contractual relationship with Amazon.

83. At all relevant times, Defendant was aware of the terms and conditions of Amazon's BSA and related policies, as well as the advantageous business relationship that comes with being an Amazon seller.

84. Defendant intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon using unlawful means, namely, by complaining, in writing, to Amazon, that Plaintiff was selling infringing products.

85. Defendant's conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon, including a breach of Paragraph S-1.2 of the BSA.

86. Defendant intended to cause Amazon to suspend Plaintiff's ability to sell REDCON1 Products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

87. Defendant had actual knowledge that its actions would cause Amazon to suspend Plaintiff's ability to sell REDCON1 Products on Amazon.

88. Defendant's accusations of infringement, made directly to Amazon, were made with the improper motive to harm Plaintiff and for the improper purpose of suppressing competition.

89. Defendant's actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listing of REDCON1 Products to be suspended.

90. Defendant's actions interfered with Plaintiff's business relationship with Amazon and proximately caused the suspension of Plaintiff's selling privileges.

91. The intentions of Defendant are demonstrated by the fact that Defendant did not perform any test purchases prior to alleging that the products sold by Plaintiff were infringing.

92. The intentions of Defendant are demonstrated by the fact that Defendant has never offered any coherent explanation for its reports of trademark infringement.

93. Defendant's accusations were false and were made maliciously and with ill will.

94. Plaintiff has been damaged by suspension of these listings by losing revenue related to REDCON1 Products.

95. Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

96. Plaintiff has suffered injury and, unless Defendant are enjoined from such activity, will continue to suffer injury.

**COUNT III – DEFAMATION**

97. Plaintiff realleges and incorporates all previous paragraphs.

98. Defendant published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff's REDCON1 Products infringed the REDCON1 Registration.

99. Plaintiff did not infringe the REDCON1 Registration.

100. Defendant's false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to REDCON1 Products.

101. Defendant's false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

102. Defendant was, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendant knew that Plaintiff sells genuine products.

103. Defendant's false statements are not protected by any privilege.

104. Because Defendant knew that Plaintiff was selling genuine products, Defendant acted with actual malice or with reckless disregard for the truth of the matter, by submitting false statements to Amazon and Plaintiff's customers.

105. False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

106. Here, Defendant published statements that Plaintiff was engaged in trademark infringement.

107. Defendant's false statements constitute defamation per se.

108. Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling REDCON1 Products and damage to its relationship with Amazon and its customers.

109. Whether by defamation per se or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to REDCON1 Products have been suspended and Plaintiff has lost sales of REDCON1 Products and many other products.

110. Plaintiff is entitled to damages, costs, and fees as allowed by law.

111. Plaintiff has suffered injury and, unless Defendant are enjoined from such activity, will continue to suffer injury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment as follows:

    A.    An order declaring that Plaintiff has not infringed any valid and enforceable intellectual property right owned by Defendant, including the REDCON1 Registration;

    B.    Preliminary and permanent injunctive relief restraining Defendant, its agents, servants, employees, successors and assigns, and all others in concert and privity with Defendant, from filing complaints with Amazon and any other e-commerce platform.

    C.    Injunctive relief requiring Defendant to rescind all complaints that it has filed against Plaintiff;

    D.    An award of all damages that Plaintiff has suffered as a result of Defendant's tortious interference;

    E.    An award of all damages that Plaintiff has suffered as a result of Defendant's defamation;

    F.    An award of all costs and fees incurred in this Action; and

    G.    Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated:  February 16, 2023	Respectfully submitted,

                TARTER KRINSKY & DROGIN LLP

               By: *s/ Tuvia Rotberg*
                Tuvia Rotberg
                1350 Broadway
                New York, NY  10018
                Tel.:     (212) 216-8000
                Fax:     (212) 216-8001
                E-mail:   trotberg@tarterkrinsky.com

               ***Attorneys for Plaintiff***